**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS EVELIO ROSALES
HENRIQUEZ,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   18-73362

Agency No. A029-217-613

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022[**]
San Francisco, California

Before: BEA, CHRISTEN, and BRESS, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner Jesus Evelio Rosales Henriquez, a native and citizen of El Salvador, seeks review of a 2018 order reinstating a removal order from 2002.[1]  To challenge the 2018 reinstatement order, Rosales Henriquez collaterally attacks the underlying removal order, arguing it was a gross miscarriage of justice.  Rosales Henriquez timely petitioned for review of his reinstatement order under 8 U.S.C. § 1252(b)(1).  We therefore have jurisdiction over his petition pursuant to § 1252(a)(1), and we may consider Rosales Henriquez's collateral attack as authorized by § 1252(a)(2)(D).  *See Vega-Anguiano v. Barr*, 982 F.3d 542, 545 (9th Cir. 2019).

Rosales Henriquez argues that the 2002 removal order was a gross miscarriage of justice because the conviction underlying the removal order is no longer a crime involving moral turpitude or an aggravated felony.  To support this argument, Rosales Henriquez points to caselaw decided *after* the 2002 removal order was first executed and he was removed to El Salvador.  But "[w]hen a removal order is legally valid at the time of entry and execution, a petitioner cannot

---

[1]  The parties' joint motion to supplement the record on appeal (Dkt. No. 43) is GRANTED.  Rosales Henriquez's most recent motion to supplement the record or take judicial notice (Dkt. No. 59) is DENIED.  Rosales Henriquez's first motion to supplement the record or take judicial notice (Dkt. No. 20) and his opposed motion to stay appellate proceedings or refer the case to mediation (Dkt. No. 63) are DENIED as moot.

challenge a reinstatement of that order as a gross miscarriage of justice based on developments that call into question the original removal order, but which occurred after the petitioner was removed from this country." *Lopez v. Garland*, 17 F.4th 1232, 1236 (9th Cir. 2021). Rosales Henriquez thus has failed to demonstrate a gross miscarriage of justice because the 2002 removal order was legally valid at the time of its entry and execution. *See id.*

Rosales Henriquez also contends that the 2002 removal order was a gross miscarriage of justice because the Notice to Appear (NTA) he received in 2002 did not indicate the address of the immigration court. This argument is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020), because the omission of any information from Rosales Henriquez's NTA was later cured, *id.* at 893–95 (explaining that the "omission of some of the information required by [the regulations] can be cured and is not fatal"). Last, Rosales Henriquez's argument that the immigration court lacked jurisdiction because the NTA did not include an address is foreclosed by our court's recent en banc decision in *United States v.*

3

*Bastide-Hernandez*, No. 19-30006, 2022 WL 2662044, at *5–6 (9th Cir. July 11, 2022) (en banc).[2]

**PETITION DENIED.**

---

[2] Rosales Henriquez also briefly argues that the 2002 removal order is a gross miscarriage of justice because his prior counsel deprived him of the opportunity to appeal the 2002 removal order, but he offers no evidence to support that claim.